IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN PROCTOR**, | : | CIVIL ACTION NO. 1:04-CV-1621 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RAYMOND J. COLLERAN**, | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 6) in which petitioner, John Proctor ("Proctor"), challenges his Pennsylvania state convictions.[1] For the reasons that follow, the petition will be denied.

**I.   Statement of Facts**

On October 3, 2000, Proctor pled guilty to possession with intent to deliver, delivery of a controlled substance, criminal conspiracy, and corrupt organizations, and was sentenced to concurrent terms of imprisonment of five to ten years and ten to twenty years.[2] Proctor filed a counseled post-sentence motion challenging the validity of his guilty plea, seeking modification of his sentence, and raising the issue

---

[1] On August 2, 2004, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the court issued an order and notice advising Proctor that he could either have the petition ruled on as filed, or withdraw it and file an all-inclusive petition. (See Doc. 3). On August 25, 2004, Proctor filed a notice electing to have the court consider the petition as filed. (See Doc. 4).

[2] Proctor was originally sentenced to two concurrent ten to twenty year sentences. One of the sentences was subsequently amended to a five to ten year sentence. (See Doc. 23-1, app. A).

of after-discovered evidence (see Doc. 23-2, app. E).  Thereafter, the motion was amended; challenges to the validity of the guilty plea and to the after-discovered evidence were withdrawn.  On February 9, 2001, this post-sentence motion was denied.  (See Doc. 23-2, app. G).  No direct appeal was taken.

On November 13, 2001, Proctor filed with the trial court a petition for post conviction relief pursuant to Pennsylvania's Post Conviction Relief Act.  See 42 PA. CONS. STAT. § 9541 *et seq*.  The court appointed counsel for Proctor and, on June 7, 2002, the petition was amended to challenge the validity of the guilty plea and to add a claim of ineffective assistance of counsel.  (See Doc. 23-2, app. J).  Following a hearing, the motion was denied.  (See Doc. 23-2, app. L).

Proctor appealed the denial of his petition to the Pennsylvania Superior Court, arguing that his guilty plea was invalid, and that trial counsel was ineffective for withdrawing the challenge to the guilty plea and for inaccurately advising Proctor on the potential length of his sentence.  (See Doc. 23-2, app. M).  The superior court affirmed the denial of the petition.  It specifically rejected Proctor's ineffective of assistance claims, and held that claims regarding the validity of the guilty plea were waived because they were withdrawn from the post-sentence motion and not directly appealed.  (See id.)

Proctor filed a petition for allowance of appeal with the state's supreme court, raising only the ineffective assistance of counsel claims.  This petition was denied on April 6, 2004.

In July 2004 Proctor commenced the instant action pursuant to 28 U.S.C. § 2254.  In September 2004 the petition was amended to present the following issues: the validity of the guilty plea; ineffective assistance of trial counsel for withdrawing the challenge to the validity of the guilty plea; ineffective assistance of trial counsel for withdrawing the after-discovered evidence claim; ineffective assistance of trial counsel concerning advice given on the possible length of sentence; trial counsel's conflict of interest; and ineffective assistance of appellate counsel for failing to raise trial counsel's conflict of interest.  (See Doc. 6).  Following several enlargements of time, briefing on the petition has been completed and it is now ripe for disposition.

II.    **Discussion**

    A.    **Habeas Exhaustion Requirements**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973).  However, habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989).  Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits.  Id.

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted.  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001);  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989).   Although deemed exhausted, such claims are considered procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims.  See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).  To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the

4

state's procedural rule.  See Murray v. Carrier, 477 U.S. 478, 488 (1986).  To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions."  See United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 at 224.  The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496.

In the matter *sub judice*, Proctor failed to present to Pennsylvania's highest court claims regarding the validity of the guilty plea, the ineffective assistance of trial counsel for withdrawing the after-discovered evidence claim, trial counsel's conflict of interest, and the ineffective assistance of appellate counsel for failing to raise trial counsel's conflict of interest.  Procedural rules bar Proctor from pursuing

these issues in a direct appeal.[3] Accordingly, Proctor has procedurally defaulted on these claims.

Nor do the exceptions to procedural default apply in this case. Proctor has not averred cause for or prejudice by the default. He has not demonstrated his actual innocence such that a lack of review by the court would constitute a fundamental miscarriage of justice. See McCandles, 172 F.3d at 260. Consequently, Proctor is precluded from pursuing federal habeas corpus relief with regard to these issues.

However, Proctor's claims that trial counsel was ineffective for withdrawing the challenge to the validity of the guilty plea and for failing to properly advise Proctor about the potential length of any sentence were fairly presented to the Pennsylvania Supreme Court. (See Doc. 23-2, app. Q). Accordingly, these claims were properly exhausted for federal habeas corpus purposes, and will be addressed on their merits.

---

[3] The time period for filing a second PCRA has expired. See 42 PA. CONS. STAT. § 9545(b)(1) (setting for a one year limitations period). Proctor raises no argument, and the record suggests no possibility, that his claims fall within an exception to the limitations period for filing a petition under the PCRA. See 42 PA. CONS. STAT. §9545(b)(1) (permitting petitions to be filed more than one year after judgment if the failure to raise the claim is attributable to government interference, the facts underlying the claim could not have been ascertained previously, or the claim involves rights newly recognized and retroactively applied by the Supreme Court).

**B. Habeas Claims**

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was "contrary to" federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id. Further, factual determinations made by the state court are "presumed to be correct." 28 U.S.C. § 2254(e)(1). A petitioner may only rebut this presumption with "clear and convincing evidence" of the state court's error. Id.

In the matter *sub judice*, Proctor claims that trial counsel was ineffective for withdrawing the challenge to the validity of his guilty plea, and for failing to properly advise Proctor concerning the potential length of any sentence. To sustain

a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance was objectively deficient and that this deficient performance prejudiced his or her defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).[4]  In evaluating whether counsel's performance was deficient, the court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and give counsel the benefit of a strong presumption of reasonableness.  See id. at 689; Gov't of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).  When challenging counsel's effectiveness in the context of a guilty plea, the petitioner, in order to satisfy Strickland's prejudice requirement, "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

With regard to the claim that trial counsel was ineffective for withdrawing the challenge to the validity of the guilty plea, Proctor argues that the plea colloquy was inadequate and that counsel should have raised this issue on appeal.  This argument is without merit.  The superior court reviewed the record and concluded that there was nothing to suggest that trial counsel withdrew the validity of the guilty plea argument without first conferring with Proctor and securing his consent.  The court evaluated the plea colloquy—oral and written—and confirmed

---

[4] The performance and prejudice prongs of Strickland may be addressed in either order, and, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Strickland, 466 U.S. at 697.

that Proctor understood the nature and consequence of his plea.  Based on the above, the superior court concluded that "Proctor's claim that his plea was invalid for lack of an adequate oral colloquy is, therefore, meritless and his trial counsel cannot be considered ineffective for failing to assert a meritless claim."  (Doc. 23-2, app. P, p. 7)(citation omitted).

   The court cannot find that this decision, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified.  See Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999).  The law relied upon by the superior court in reaching its holding was in accordance with Supreme Court precedent.  There is nothing to suggest that this law was applied unreasonably, or that the decision was based on an unreasonable application of the facts.  Accordingly, habeas relief on this ground will be denied.

   The same fate befalls Proctor's second ineffective assistance claim, that trial counsel erroneously advised him that he was facing ten to twenty years imprisonment on each count when, in fact, three of the four counts carried a maximum sentence of only ten years.  The Superior Court held that Proctor failed to demonstrate how he was prejudiced by this inaccurate guidance, and noted that, in any event, the aggregate sentence of ten to twenty years was within the maximum sentence of twenty years imprisonment, "the permissible sentence for which Proctor does not dispute he was correctly informed."  (Doc. 23-2, app. P, pp. 8, 9).

   Again, Proctor has not demonstrated that this decision resulted in an outcome that cannot be reasonably justified, that the law was applied unreasonably,

or that the decision was based on an unreasonable application of the facts.

Accordingly, Proctor's request for habeas relief on this ground will also be denied.

    An appropriate order will issue.

                                                    /s/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge

Dated:        February 3, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN PROCTOR**, | : | CIVIL ACTION NO. 1:04-CV-1621 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RAYMOND J. COLLERAN**, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 3rd day of February, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 6), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 6) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge